**IN THE COURT OF APPEALS OF IOWA**

No. 24-1676
Filed February 19, 2025

**IN THE INTEREST OF K.Y., W.Y., and J.Y.,**
**Minor Children,**

**J.S., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Lucas County, John D. Lloyd, Judge.


A mother appeals the termination of her parental rights to three children.

**AFFIRMED.**


Richard Hollis, Des Moines, for appellant mother.

Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney General, for appellee State.

Jeremy M. Evans of Carr Law Firm P.L.C., Des Moines, attorney and guardian ad litem for minor children.


Considered by Greer, P.J., and Langholz and Sandy, JJ.

**LANGHOLZ, Judge.**

In July 2022, the mother[1] fired a gun at her paramour in front of her three children—an eleven-year-old daughter, eight-year-old son, and seven-year-old son. The mother placed the children with a relative, though they returned to the mother's care a few months later. At that point, the Iowa Department of Health and Human Services stepped in to offer services and determine if the children were safe. The Department learned the children were residing in a trailer without running water and had not attended school in weeks. So the children were removed from the mother's custody in December and later adjudicated in need of assistance.

After removal, the mother never worked toward reunification. She reported obtaining a mental-health evaluation but never signed a release. She then skipped her next six appointments and never returned after March 2023. She did not show up to her substance-use evaluation, nor did she ever submit a required drug test. She was arrested after another incident of domestic violence with the same paramour. And she stopped seeing her children altogether—attending no visits between March 2023 and September 2024.

So the State petitioned to terminate her parental rights. After a half-day hearing—which the mother did not attend[2]—the juvenile court terminated her

---

[1] We avoid using the parties' names to respect their privacy because this opinion—unlike the juvenile court's order—is public. *Compare* Iowa Code § 232.147(2) (2024), *with id.* §§ 602.4301(2), 602.5110.

[2] The mother had not attended a hearing in either the child-in-need-of-assistance or termination proceeding in over a year. The mother's attorney attended the hearing, cross-examined witnesses, and argued against termination.

parental rights to all three children under various grounds, including abandonment. *See* Iowa Code § 232.116(1)(b) (2024). The mother now appeals.

The mother disputes whether the Department provided reasonable efforts toward reunification. *See* Iowa Code § 232.102(6). Yet the mother never objected to the adequacy of services before the termination hearing. And during that hearing, the mother's counsel never explained how the Department's efforts were deficient or identified additional services that should have been provided. So the mother's reasonable-efforts objection is both untimely and unclear, and we cannot consider it further. *See In re C.H.*, 652 N.W.2d 144, 148 (Iowa 2002).

We are similarly unable to reach the mother's arguments in support of two permissive exceptions to termination. *See* Iowa Code § 232.116(3)(a), (c). Although the mother's attorney raised both the parental-bond and familial-custody permissive exceptions during closing arguments, the juvenile court's ruling addressed neither exception. And the mother did not move to expand the ruling under Iowa Rule of Civil Procedure 1.904(2). These statutory exceptions are thus not preserved for appeal. *See In re A.M.H.*, 516 N.W.2d 867, 872 (Iowa 1994).

This leaves the mother's argument that terminating her parental rights was not in the children's best interests. *See* Iowa Code § 232.116(2). During the hearing, the mother's attorney argued that the mother and children share a close bond, so termination would harm the children. She renews this argument on appeal, disputing the juvenile court's findings that she "has not shown any interest in the children for a significant period of time."

Yet on our de novo review, *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000), we have no trouble finding that the children are not bonded with the mother and

are best served by termination of her parental rights. At the time of the termination hearing, the mother had not attended visitation with her children in a year and a half. The daughter now refuses to participate in any future visits. And the middle son has expressed fear of being returned to his mother's care. These children are long overdue for permanency. And so, we affirm termination of the mother's parental rights.

**AFFIRMED.**